In the Supreme Court of Georgia

Decided:    October 5, 2015

S15Y1787.  IN THE MATTER OF THOMAS J. FORD, III.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Thomas J. Ford III (State Bar No. 268235), pursuant to Bar Rule 4-227 (b) (2), in which he seeks to resolve a pending disciplinary matter involving his representation of a client in a murder case.  In his petition, Ford admits that his conduct in that case violated Rules 1.4 and 1.16 (a) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  The maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand.

Ford, who has been a member of the Bar since 1996, acknowledges that his representation was ineffective in a case in which he represented a woman where she and her daughter were both charged with murder.  The woman and her daughter had retained a lawyer to represent them, but, after they had paid the lawyer's fee, the lawyer was removed because of a conflict.  The retained lawyer did not return the fee, however, resulting in Ford taking the woman's case for

a reduced fee and with no money for experts. Although the need for a forensic pathologist was clear to Ford, he relied on the daughter's court-appointed counsel to obtain the services of one. Ford admits that, when it became clear that an expert had not been retained, he should have consulted with his client regarding the impact on her case and moved for a continuance so that a forensic pathologist could be retained. Ford states that he therefore was not prepared for trial, which resulted in the jury returning a guilty verdict against his client–although her motion for new trial, presented by new counsel, has been granted.

Ford acknowledges that he received an Investigative Panel reprimand in September 2014. In mitigation, Ford states that, during the time of his representation of this client, he was in the midst of the dissolution of his prior marriage and the beginning of his relationship with the woman who is now his wife. In addition to the stress and distraction caused by this situation, Ford began to drink to excess, which led to an arrest for DUI. Ford pled guilty to the DUI and has complied with the conditions of his probation, changed his behavior, and met with a counselor, who has determined that Ford does not have an addiction to alcohol. Both Ford's ex- and current wives submitted affidavits

attesting to the positive changes that Ford has made. Finally, Ford notes that he did not take the case in question out of greed or from a failure to appreciate the seriousness of the case, but instead because he believed in his client's innocence. Ford argues that a Review Panel reprimand is the appropriate punishment in this case and seeks to have this Court impose such as discipline. In response, the State Bar recommends that this Court accept Ford's suggested discipline.

Having reviewed the petition and response, we agree that imposition of a Review Panel reprimand is the appropriate sanction in this matter, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Ford receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his violation of Bar Rules 1.4 and 1.16.

Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.